## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RYAN JAIME,

      Plaintiff,

v.                                                                    No. CV 13-0845 LH/GBW

LEE VAUGHN, Warden (personal capacity)
DON RUSSELL, Assistant Warden for
Programming (personal capacity),
MIKE BETRUS, Chief Unit Manager
(personal capacity),
CORRECTION CORPORATION OF AMERICA,
FEDERAL BUREAU OF PRISONS,

      Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is a federal prisoner incarcerated in Ohio.   He was previously confined at the Cibola County, New Mexico, Correctional Center ("CCCC"), which is operated by Defendant Corrections Corporation of America ("CCA").   His complaint contains eight Counts, primarily for unconstitutional conditions while he was confined at CCCC.   He alleges that he was not allowed to practice his religion, he suffered discrimination because of his race and religion, food was contaminated or spoiled, Defendants failed to provide rehabilitation programs, medical staffing is insufficient, physical conditions are hazardous, and Defendants have committed fraud against both state and federal agencies.   He contends that these conditions violated a number of his constitutional rights.   The complaint asks for an injunctive order to cease ethnic, racial, and religious discrimination at CCCC; initiation of criminal proceedings against Defendants; and damages.

No relief is available on Plaintiff's claims for injunctive relief, including Count Five. Plaintiff's transfer from a New Mexico prison to one in Ohio rendered moot his claims for declaratory and injunctive declaratory relief against New Mexico corrections officers.   *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010).   "[T]his court has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.' "   *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1349 (10th Cir. 1994) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)) (second alteration in *Cox* opinion).   The Court will dismiss Plaintiff's claims for injunctive relief, including Count Five.

In Count Seven of the complaint, Plaintiff alleges that Defendant CCA has committed

fraud against both the United States and the State of New Mexico.   He asks the Court to order federal agencies to investigate these matters and bring the matter to a grand jury.   Criminal investigation and prosecution must be undertaken by law enforcement authorities.   "It is settled law that 'in American jurisprudence, at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'   Efforts to initiate a criminal proceeding are properly directed to appropriate Executive branch officials, not the Judiciary."   *DeMillard v. No Named Defendant*, 407 F. App'x 332, 333 (10th Cir. 2011) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see also Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993); *Keyter v. 535 Members of the 110th Cong.*, 277 F. App'x 825, 827 (10th Cir. 2008).   No relief can be granted to Plaintiff on these claims, and the Court will dismiss Count Seven of the complaint.

At page 17 of the complaint Plaintiff properly concedes that his "allegations may not support a claim against Defendant Federal Bureau of Prisons."   Plaintiff's only allegation is that, when the violations occurred and Plaintiff complained to BOP staff, this Defendant failed to "fix the problems."   "[Plaintiff's] formulaic recitation that these defendants knew of his condition and were deliberately indifferent to it fails to demonstrate an affirmative link to the alleged constitutional violation."   *Conley v. McKune*, 529 F. App'x 914, 921 (10th Cir. 2013).   Likewise, Plaintiff's complaint makes no allegations against Defendant Betrus except that "he is responsible for the day-to-day operation of the units."   A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.   *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).   The Court will dismiss Plaintiff's claims against Defendants Federal Bureau of Prisons and Betrus.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Federal Bureau of Prisons and Betrus are DISMISSED, and Defendants Federal Bureau of Prisons and Betrus are

DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's claims for injunctive relief, including Count Five, are DISMISSED; and Count Seven is DISMISSED;

IT IS FURTHER ORDERED that, with respect to Plaintiff's damages claims in Counts One-Four, Six, and Eight, the Clerk is directed to issue notice and waiver of service forms, with copies of the amended complaint (Doc. 17) and this Order, for Defendants Vaughn and Russell; and to issue summons, with copies of the amended complaint (Doc. 17) and this Order, for Defendant Correction Corporation of America.

_____
SENIOR UNITED STATES DISTRICT JUDGE